**IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| **RYAN HARRIS, on her own behalf** | ) | |
| **and as mother and guardian of the minor** | ) | |
| **children L.W.H. and T.W.,** | ) | |
| | ) | **COMPLAINT** |
| **Plaintiffs,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE BOARD OF EDUCATION OF THE** | ) | |
| **CITY OF CHICAGO, CITY OF CHICAGO,** | ) | |
| **A Municipal Corporation, and** | ) | |
| **MICHAEL DUNLAP,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiffs, RYAN HARRIS on her own behalf and as mother and guardian of minor children L.W.H. and T.W., by and through their attorneys, GAINSBERG LAW, P.C., complains of Defendants, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO ("CHICAGO BOARD OF EDUCATION"), CITY OF CHICAGO ("City"), and Chicago Public School Security Guard MICHAEL DUNLAP ("Mr. Dunlap") and states as follows:

## JURISDICTION AND VENUE

1. This case is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States and Illinois Constitutions, under the Illinois Civil Rights Act, 740 ILCS § 23/5, et seq. and under Illinois law, to redress the excessive force, unreasonable seizure, false arrest, and false imprisonment of Plaintiff.

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and §§ 1343(a) and has supplemental jurisdiction over state law claims pursuant to 28 U.S.C §§1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint all occurred within this district.

## FACTS

4.  Plaintiff RYAN HARRIS ("Ms. Harris") is the mother of two minor children, L.W.H. a twelve-year old boy and T.W. a fourteen-year old boy whom in January 2019 attended Ludwig Van Beethoven Elementary School.

5.  Ludwig Van Beethoven Elementary School ("Beethoven School") is part of Chicago Public Schools ("CPS") and managed, supervised and governed by the Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO ("CHICAGO BOARD OF EDUCATION").

6.  Defendant, CHICAGO BOARD OF EDUCATION is a legal entity incorporated under the laws of the State of Illinois.

7.  The CHICAGO BOARD OF EDUCATION, founded in 1840, is responsible for the governance, organizational and financial oversight of CPS, the third largest school district in the United States of America. It establishes policies, standards, goals and initiatives to ensure accountability and provide a high- quality, world-class education for the 21st century that prepares students for success in college, work and life.

8.  Defendant, CITY OF CHICAGO ("CITY") is a municipal corporation organized under the laws of the State of Illinois and maintained as a division of said municipal corporation, the Board of Education of the City of Chicago.

9.  At all relevant times hereto, Mellodie Brown ("Ms. Brown") is the principal of Ludwig Van Beethoven Elementary School ("Beethoven School"), a Chicago Public School operated by Defendant CHICAGO BOARD OF EDUCATION, and she acted under her capacity and final decision-making authority as an employee, agent, and representative of Defendants BOARD OF EDUCATION and CITY over the decisions relevant as set forth below.

10. At all relevant times hereto, Gustavo Del Real ("Mr. Del Real") is employed as a clerk at Beethoven School by Defendants CHICAGO BOARD OF EDUCATION and CITY and acted under his authority as an employee, agent, or representative of Beethoven School and Defendants, CHICAGO BOARD OF EDUCATION and CITY over decisions as set forth below.

11. At all relevant times hereto, Defendant, MICHAEL DUNLAP ("Mr. Dunlap") was employed as a security guard for Beethoven School by Defendants  CHICAGO BOARD OF EDUCATION and CITY and acted under his authority as an employee, agent, or representative of Beethoven School and Defendants, CHICAGO BOARD OF EDUCATION and CITY.

12. Beethoven School is located at 25 West 47th Street in the south side of Chicago, in the Fuller Park neighborhood, a predominantly impoverished and high-crime community.

13. Beethoven School is a Title I schoolwide school under Title I of the Elementary and Secondary Education Act of 1965, 20 USC 6301 et seq., the purpose of Title I—Improving the Academic Achievement of the Disadvantaged, is to ensure that all children have fair, equal, and significant opportunity to obtain a high quality education and reach, at a minimum proficiency on challenging State academic achievement standards and state academic assessments.

14. Beethoven School offers a bus slip program that provides participating students in the program with free fare cards for transportation to and from school in order to ensure all students have access and transport to school and an opportunity to obtain high quality education.

15. Plaintiff Ryan Harris's minor child, L.W.H. was enrolled as a 5th grade student at Ludwig Van Beethoven Elementary School in the winter of 2019.

16. Plaintiff Ryan Harris's minor child, T.W. was enrolled as a 6th grade student at Ludwig Van Beethoven Elementary School in the winter of 2019.

17. While attending Beethoven School, minor's, L.W.H and T.W. have participated and relied upon the bus slip program to provide them with access and transportation to Beethoven School in order to obtain an education.

18. Throughout L.W.H. and T.W's enrollment at Beethoven School, the Beethoven School administrators, staff, school volunteers, including Ms. Brown and Mr. Del Real, on multiple occasions have failed to provide minors, L.W.H and T.W. with sufficient bus slips without reason despite Ms. Harris, L.W.H., and T.W.'s multiple requests for bus slips.

19. On January 22, 2019, L.W.H. was a fifth-grade student at Ludwig Van Beethoven Elementary School and minor T.W. was a sixth-grade student at Ludwig Van Beethoven Elementary School.

20. On January 22, 2019, at or around 9:45 a.m., Ms. Harris arrived at Beethoven School to drop off her children, L.W.H. and T.W., knowing that her children L.W.H. and T.W. had been provided with insufficient bus slips, Ms. Harris went to Mr. Del Real to request bus slips for her children L.W.H. and T.W.

21. When Ms. Harris approached the Beethoven School clerk, Mr. Del Real and attempted to obtain additional bus slips from him, Mr. Del Real refused to give her a full weeks worth of bus card slips, telling her that her children did not attend regularly and did not need all the bus card slips.

22. An argument ensued between Mr. Del Real and Ms. Harris whom was visibly upset that her children were being denied access and transportation to the Beethoven school and Ms. Harris left the room.

23. When Ms. Harris left the room visibly upset, Beethoven School security guard Defendant, Mr. Dunlap, saw her upset and decided to eject her from the school in a forceful and aggressive manner.

24. Mr. Dunlap physically grabbed Ms. Harris and threw her out the door of the Beethoven School and broke the Plaintiff RYAN HARRIS'S necklace during the attack.

25. The January 22, 2019 Beethoven School video surveillance shows Plaintiff, Ms. Harris being physically attacked by Mr. Dunlap and thrown out of the Beethoven School.

26. Plaintiff, Ms. Harris, in no way consented to the aforementioned conduct by Defendant, Mr. Dunlap.

27. Following Mr. Dunlap throwing Ms. Harris out of the school, Ms. Harris proceeded to contact the authorities, Chicago Police Department ("CPD") to report the incident.

28. Chicago Police Department Officers, J.A. Webster, Star # 19517 and Officer J. Jones Sr., Star # 6069 ("CPD Officers") reported to the scene.

29. Upon arrival of the CPD officers, Plaintiff, Ms. Harris was standing outside of the school and informed the CPD officers she had a verbal altercation with Mr. Del Real after dropping her child off at school and that Defendant MICHAEL DUNLAP forcibly attacked her, fought with her, and pushed her down out of the building.

30. CPD Officers then directed Ms. Harris to wait outside so that CPD Officers could gather more information about the incident.

31. The CPD Officers entered the Beethoven School and proceeded to speak with Mr. Del Real, whom told CPD Officers that the Beethoven School provides bus cards to the parents of children attending the Beethoven School and that Plaintiff had requested additional bus cards

but he did not provide it and requested that CPS Security escort Plaintiff, RYAN HARRIS out of the building.

32. Mr. Del Real knowingly and intentionally provided CPD officers with false information, and without cause or justification, filed a false criminal complaint against Plaintiff, RYAN HARRIS for aggravated assault and later refused to prosecute Plaintiff.

33. Following CPD Officers speaking to Mr. Del Real, CPD Officers proceeded to speak with Defendant MICHAEL DUNLAP, whom reported to CPD officers that while he was escorting Plaintiff, RYAN HARRIS out of the building, she wanted to return back into the building and Mr. Dunlap told her "she had to leave," and further reported to CPD Officers that Plaintiff, RYAN HARRIS had told him "this is why you going to get you're a** beat too" and proceeded to strike Defendant, MICHAEL DUNLAP in the face with a closed fist.

34. Defendant, MICHAEL DUNLAP knowingly and intentionally provided CPD officers with false information and without cause or justification filed a false criminal complaint against Plaintiff, RYAN HARRIS for battery and directed that she be arrested by CPD Officers.

35. CPD Officers then proceeded to speak with Irene Mathis, a Beethoven School parent volunteer, whom falsely reported she witnessed the Plaintiff, RYAN HARRIS strike Defendant, Mr. Dunlap in the face while he was escorting Plaintiff RYAN HARRIS out of the building.

36. Irene Mathis, was not in the hallway or entrance of Beethoven School at the time of Plaintiff's altercation with Defendant MICHAEL DUNLAP, nor did she witness any of the aforementioned events occur.

37. In the months prior to January 22, 2019, Irene Mathis, a Beethoven School parent volunteer had attacked Ms. Harris on a prior occasion when Ms. Harris had gone to Beethoven School to request additional bus slips for her children, L.W.H and T.W.

38. CPD Officers charged and/or participated in the charging of Plaintiff with criminal activity, and arrested, participated in the arrest and/or failed to observe/learn that Plaintiff had committed criminal activity of any sort. CPD Officers failed to undertake a thorough and complete investigation to verify the complaints alleged by Defendant Mr. Dunlap and review the Beethoven School video surveillance.

39. On January 22, 2019, Plaintiff, Ms. Harris did not batter Defendant Mr. Dunlap nor assault Defendant Mr. Del Real.

40. On January 22, 2019, Defendant, Mr. Dunlap declined to proceed with a felony charge and CPD officers arrested and charged the plaintiff with battery, 720 ILCS 5.0/12-3-A-2, notwithstanding the fact that on January 22, 2019 the plaintiff had not committed a battery, 720 ILCS 5.0/12-3- A-2.

41. On January 22, 2019, Plaintiff, Ms. Harris had not committed an act contrary to the laws of the State of Illinois.

42. On June 20, 2019, the charge against Plaintiff, Ms. Harris for battery, 720 ILCS 5.0/12-3-A-2, by Defendant, Mr. Dunlap were dismissed.

43. Beethoven School video surveillance contradicts and disputes Defendant, Mr. Dunlap's false statement to the CPD Officers and his report to the Beethoven School.

44. Defendant, Mr. Dunlap's report to the Beethoven School states he removed Ms. Harris from the building and "then took my keys out of the building to go back into the building."

45. The statement by Defendant Mr. Dunlap contained in paragraph 44 of this Complaint is a false statement; Defendant Mr. Dunlap never took out his keys.

46. Defendant Mr. Dunlap further reported in the Beethoven School report that, "I turned around to open the door" and then was attacked

47. Prior to arresting Plaintiff, Ms. Harris, CPD Officers had received the Beethoven School video surveillance for January 22, 2019 and photographs and inventoried the video footage and photographs on January 22, 2019, the date Plaintiff, Ms. Harris was arrested.

48. The video surveillance of Beethoven School on January 22, 2019 show the statements by Defendant Mr. Dunlap contained in paragraph 46 of this Complaint are false. The video surveillance never shows Defendant Mr. Dunlap trying to reenter the building.

49. Defendant, Mr. Dunlap is the aggressor and assailant in the attack, as the Beethoven School video surveillance shows.

50. As a direct and proximate result of the misconduct and false statement of Mr. Del Real and Defendant Mr. Dunlap, Plaintiff Ms. Harris was falsely arrested, jailed, and suffered the loss of liberty and was caused to suffer physical and mental pain and anguish.

51. The acts, conduct, and behavior of Mr. Del Real and Defendant Mr. Dunlap were performed knowingly, intentionally, and maliciously, or with reckless and/or knowing disregard for the Plaintiffs' rights by reason of which Plaintiff, Ms. Harris, is entitled to an award of punitive damages.

52. Throughout L.W.H. and T.W.'s enrollment at the Beethoven School, each time L.W.H., T.W., or their mother Ryan Harris has reported to Beethoven school administrators, staff, and/or volunteers of her children being denied sufficient bus slips which her children rely on in order to have transport and access to school, Beethoven School administrators, staff, and/or volunteers have failed to take any action to provide L.W.H. and T.W. with sufficient bus slips,

resulting in Ms. Harris being bullied, harassed, attacked, and retaliated against by Beethoven School staff, volunteers, and fellow students parents.

53. Throughout L.W.H. and T.W.'s enrollment at the Beethoven School, the Beethoven School administrators, including the principal of Beethoven School, Ms. Brown, and Beethoven School clerk, Mr. Del Real, have refused to take action, acted in a retaliatory manner, and purported false reports concerning multiple instances in which Plaintiff, Ms. Harris requested her children, L.W.H. and T.W. be provided with sufficient bus slips.

**COUNT I**
**42 U.S.C. § 1983 – *MONELL* CLAIM**
**Defendants CHICAGO BOARD OF EDUCATION and CITY**

54. Plaintiff realleges and incorporates paragraphs 1 through 53 above as if stated herein.

55. Defendant CHICAGO BOARD OF EDUCATION agents and employees, Mr. Del Real and Defendant MICHAEL DUNLAP were "state actors" when, as alleged above, committed the acts under color of law and in the scope of employment of the CHICAGO BOARD OF EDUCATION, a federally funded school system.

56. Defendant CITY's employees and agents, CPD officers, J.A. Webster, Star # 19517 and Officer J. Jones Sr., Star # 6069, as alleged above, acted under color of law and their scope of employment with the CITY when CPD Officers arrested Ms. Harris.

57. Defendant CHICAGO BOARD OF EDUCATION, through its employees and agents, including Mr. Del Real and Defendant MICHEAL DUNLAP acted under "color of law" when subjecting Plaintiff Ryan Harris to assault, battery, and harassment on the Beethoven School premises when requesting sufficient bus card slips for Beethoven students L.W.H. and T.W.

58. It is the custom, practice and/or policy of Defendant CHICAGO BOARD OF EDUCATION including, Beethoven School administrators, staff, and parent volunteers, such as Mr. Del Real and Defendant MICHAEL DUNLAP to intentionally and knowingly provide false information

to reporting police authorities, on police and arrest reports and charging instruments, most frequently in incidents involving a Beethoven School student's parent whose child participates in the bus card slip program is being denied transportation and access to school.

59. It is custom, practice, and policy of Defendant CHICAGO BOARD OF EDUCATION, Beethoven School administrators, staff, parent volunteers, including Mr. Del Real and Defendant MICHAEL DUNLAP to act under their authority as an employee, agent, or representative of Beethoven and Defendant to prepare false reports concerning incidents occurring at the Beethoven School, most frequently in incidents involving a Beethoven School student's parent whose child participates in the bus card slip program is being denied transportation and access to school.

60. It is the custom, practice, and policy of employee, agents, and representatives of the Beethoven School employed by Defendant, CHICAGO BOARD OF EDUCATION to perform the following acts and/or omissions:

a) Generate false documentation to cover-up the misconduct of Beethoven School security guards and fellow Beethoven School staff;

b) Engage in acts of significant intrusion to the body of parents of Beethoven School students, including excessive force, assault, battery and unreasonable seizure of Plaintiff Ms. Harris;

c) Fail to properly discipline Beethoven School security guards whom have committed act(s) of significant intrusion to the body of innocent parents of Beethoven School students, including excessive force, and/or serious acts of violence;

d) Fail to properly discipline Beethoven School administrators, staff, and volunteers whom repeatedly refused to provide Beethoven School students, such as L.W.H. and T.W., with sufficient bus card slips in order for the students to have transportation and access to school;

e) Fail to properly investigate a complaint of significant intrusions to the body of parents of Beethoven School students, excessive force, and/or serious acts of violence perpetrated by Beethoven School employee, agent, or representative, such as parent-volunteers and security guard employed by CHICAGO BOARD OF EDUCATION upon a parent of a Beethoven School student;

f) Fail to take proper remedial action against an employee, agent, or representative of Beethoven School employed by CHICAGO BOARD OF EDUCATION once it is determined that an act of significant intrusion to the body of a parent of a Beethoven student, excessive force, and/or serious acts of violence has been committed by said employee, agent, or representative upon a Beethoven School parent;

g) Allow misconduct to occur in various types and severity such that Beethoven School employee's, agents, and/or representatives believe they can engage in significant intrusions to the body of a parent of a Beethoven School student, excessive force, and/or serious acts of violence without repercussions, and/or significant repercussions;

h) Allow misconduct to occur of various types and severity such that Beethoven School employees, agents, and/or representatives believe they can engage in acts to deprive and deny Beethoven School students of the benefits provided by the school, such as the Bus Card slip program, which deprives students of transport and access to school.

61. The practice/and or custom, as alleged above, has gone unchecked and been allowed to exist for a significant period of time, so much so, that employees, agents, and representatives of the Beethoven School employed by CHICAGO BOARD OF EDUCATION and CITY recognize that they will not be punished for committing said acts, and that, in fact, said acts are either permitted or quietly consented to CPD Officers employed by Defendant CITY and by Beethoven School administrators employed by the CHICAGO BOARD OF EDUCATION and CITY in order to permit said conduct to re-occur.

62. As a result of the aforementioned acts and omissions by Defendant CHICAGO BOARD OF EDUCATION and CITY, there existed a custom, practice, policy, and/or pattern, either implicit or explicit of the CHICAGO BOARD OF EDUCATION and CITY in which Beethoven School employees, agents, and representatives were not held accountable for their wrongful and/or illegal acts, including unreasonable seizure, excessive force, assault, and battery.

63. The Defendant, Mr. Dunlap is an employee, agent, and representative of the Beethoven School employed by the CHICAGO BOARD OF EDUCATION provided false statements to the CPD officers, which caused Plaintiff, RYAN HARRIS's false arrest.

64. As a result of the aforementioned acts and omissions by Defendant CITY's employees and agents, CPD Officers J.A. Webster, Star # 19517 and Officer J. Jones Sr., Star # 6069, there existed a custom, practice, policy, and/or pattern, either implicit or explicit of the CITY in

which Beethoven School employees, agents, and representatives were not held accountable for their false statements and reports as well as wrongful and/or illegal acts.

65. Said custom, practice, policy, and/or pattern of the CITY encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of Defendant CHICAGO BOARD OF EDUCATION employee's and agent's Mr. Del Real and Defendant Mr. Dunlap.

66. As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the CHICAGO BOARD OF EDUCATION and CITY, Plaintiff Ms. Harris was injured in a personal and pecuniary manner.

WHEREFORE, Plaintiff RYAN HARRIS demands compensatory damages against CHICAGO BOARD OF EDUCATION and CITY, and for costs and attorneys' fees. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT II
## 42 U.S.C. § 1983 – UNREASONABLE SEIZURE
## Defendants CHICAGO BOARD OF EDUCATION, MICHAEL DUNLAP, and CITY

67. Plaintiff realleges and incorporates paragraphs 1 through 66 above as if stated herein.

68. Defendant CITY's employees, agents, and representatives, CPD officers, J.A. Webster, Star # 19517 and Officer J. Jones Sr., Star # 6069, as alleged above, acted with reckless indifference under color of law and their scope of employment with the CITY when the CPD officers had been provided with sufficient evidence indicating Plaintiff, RYAN HARRIS, had not completed a crime and nonetheless unreasonably seized RYAN HARRIS, thereby depriving RYAN HARRIS of her constitutional due process rights under the Fifth and Fourteenth Amendments of the United States Constitution.

69. Defendant, MICHAEL DUNLAP, an employee, agent, and representative of Beethoven School employed by Defendant, CHICAGO BOARD OF EDUCATION, acted under the color

12

of law when, with reckless indifference he deprived Plaintiff, RYAN HARRIS of her constitutional due process rights and her rights under the Fifth and Fourteenth Amendments of the United States Constitution.

70. Plaintiff, RYAN HARRIS was seized and forcefully ejected from Beethoven School by Defendant, MICHAEL DUNLAP despite the fact that Plaintiff, RYAN HARRIS presented no harm or threat of harm to said parties or any other individual at the time of the incident.

71. Defendant, MICHAEL DUNLAP's actions unlawfully restrained Plaintiff's freedom of movement, by physically forcefully grabbing the Plaintiff, RYAN HARRIS and throwing her out of the Beethoven School.

72. Defendant, MICHAEL DUNLAP's actions as set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff, RYAN HARRIS's rights.

73. The aforementioned conduct was undertaken pursuant to practices and policies, both informal and formal, of Defendants CHICAGO BOARD OF EDUCATION and CITY.

74. As a result of the Defendant, MICHAEL DUNLAP and Defendant CITY's employees and agents conduct as alleged above, Plaintiff suffered severe emotional damage, distress and mental anguish.

### COUNT III
### 42 U.S.C. § 1983 – EXCESSIVE FORCE
### Defendants CHICAGO BOARD OF EDUCATION and MICHAEL DUNLAP

75. Plaintiff realleges and incorporates paragraphs 1 through 74 above as if stated herein.

76. Defendant, MICHAEL DUNLAP, Beethoven School security guard as an employee, agent, and/or representative of CHICAGO BOARD OF EDUCATION, acted under the color of law, with reckless indifference he deprived Plaintiff RYAN HARRIS of her constitutional due process rights and her rights under the Fifth and Fourteenth Amendments of the United States Constitution.

13

77. On January 22, 2019, Defendant MICHAEL DUNLAP aggressively grabbed, shoved, and threw Plaintiff RYAN HARRIS from the Beethoven School building, even though Plaintiff RYAN HARRIS posed no harm or threat of harm to said parties or any other individuals at the time of the incident.

78. Defendant MICHAEL DUNLAP's actions, as set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights, such to shock the conscience.

79. Due to Defendant MICHAEL DUNLAP's actions, Plaintiff suffered severe emotional damage, distress and mental anguish.

## COUNT IV
## STATE LAW - FALSE ARREST
## Defendant MICHAEL DUNLAP

80. Plaintiff realleges and incorporates paragraphs 1 through 79 above as if stated herein.

81. The CPD Officer's arrest of Plaintiff, RYAN HARRIS was a common law false arrest.

82. Defendant MICHAEL DUNLAP was the complaining witness on the criminal charge of battery by Plaintiff RYAN HARRIS on Defendant MICHAEL DUNLAP, despite knowing no battery had in fact occurred, he provided a false statement to CPD officers causing Plaintiff Ryan Harris arrest without probable cause on the misdemeanor charge of battery.

83. By causing Plaintiff RYAN HARRIS to be falsely arrested, Defendant MICHAEL DUNLAP violated her right under Illinois common law not be falsely arrested.

84. As a result of the above-described infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to severe emotional damage, distress and mental anguish.

85. The misconduct described in this Count was undertaken by Defendant MICHAEL DUNLAP was within the scope of his employment and under color of law such that his employer, Defendant, CHICAGO BOARD OF EDUCATION and CITY, are liable for his actions

14

WHEREFORE, Plaintiff RYAN HARRIS requests that judgment be entered in her favor and against both defendants, CHICAGO BOARD OF EDUCATION and CITY, and that this Court award (1) compensatory damages in fair and reasonable amount; (2) punitive damages against Defendant, MICHAEL DUNLAP, to punish and deter defendant and other, from engaging in similar conduct in the future; (3) costs, including attorneys' fees pursuant to 42 U.S.C. 1988; and (5) such other relief as the Court deems appropriate.

## COUNT V
## STATE LAW—FALSE IMPRISONMENT
## Defendant MICHAEL DUNLAP

86. Plaintiff realleges and incorporates paragraphs 1 through 85 above as if stated herein.

87. As described above, Plaintiff's unlawful restraint was caused by Defendant MICHAEL DUNLAPS false statements and reports to CPD Officers, and thereby leading to Plaintiff's arrest placement in jail, thereby restricting Plaintiff's liberty to move about unlawfully restricted.

88. Defendant MICHAEL DUNLAP had no reasonable ground to believe that Plaintiff committed any offense that would justify the restraint, in fact, Defendant provided false statements to CPD officers.

89. The actions of Defendant MICHAEL DUNLAP were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

90. As a result of this wrongful infringement of Plaintiff's rights, Plaintiff suffered injuries, including emotional distress.

## COUNT VI
## STATE LAW—BATTERY
## Defendant MICHAEL DUNLAP

91. Plaintiff realleges and incorporates paragraphs 1 through 90 above as if stated herein.

15

92. On January 22, 2019, Mr. Dunlap intentionally made non-consensual physical contact with Plaintiff RYAN HARRIS's person.

93. Said contact was in the form of physically grabbing, shoving, and throwing the Plaintiff RYAN HARRIS out of the doors of the Beethoven School and breaking Plaintiff RYAN HARRIS'S necklace during the attack.

94. Defendant MICHAEL DUNALP's actions toward Plaintiff RYAN HARRIS caused severe emotional distress and mental anguish to Plaintiff RYAN HARRIS.

## COUNT VII
## STATE LAW—ASSAULT
## Defendant MICHAEL DUNLAP

95. Plaintiff realleges and incorporates paragraphs 1 through 94 above as if stated herein.

96. On January 22, 2019, Defendant MICHAEL DUNLAP approached Plaintiff RYAN HARRIS in a threatening manner.

97. Said conduct caused Plaintiff RYAN HARRIS apprehension of immediate offensive conduct to her person.

98. Given Defendant MICHAEL DUNLAP's position, height and stature physically grabbing Plaintiff's body, RYAN HARRIS had reasonable belief that Defendant MICHAEL DUNLAP could, and would, make the threatened offensive contact to her person.

99. As a result of Defendant MICHAEL DUNLAP's conduct, RYAN HARRIS suffered severe emotional distress, damages and mental anguish.

## COUNT VIII
## STATE LAW—BREACH OF FIDUCIARY DUTY
## Defendant CHICAGO BOARD OF EDUCATION

100. Plaintiff realleges and incorporates paragraphs 1 through 99 above as if stated herein.

101. At all relevant times, L.W.H. and T.W. were students at Beethoven Elementary School, which is managed, supervised, and governed by CPS.

102. Defendant CHICAGO BOARD OF EDUCAITON owed a fiduciary duty to L.W.H. and T.W.

103. As a student, L.W.H. and T.W. placed a significant trust in their teachers, administrators and school staff to provide them with a safe learning environment free from threats of denying transport and access to Beethoven School.

104. Defendant CHICAGO BOARD OF EDUCATION undertook to provide students, including L.W.H. and T.W., a safe learning environment. Defendant CHICAGO BOARD OF EDUCATION affirmatively recognized that it's a child's right to be safe at school. School staff, meanwhile, were required to intervene to prevent danger or harm to students, not perpetuate said harm or cause said harm by harassing and failing to provide students with sufficient bus card slips in order for students to have access and transport to school.

105. As a result of L.W.H. and T.W.'s placement of trust and confidence in their school and their teachers and administrators to keep them safe during the school day and provide sufficient bus card slips to have access and transport to school, as well as the power and ability of school employees to prevent the deprivation of students transport and access to school, Defendant CHICAGO BOARD OF EDUCATION owed a fiduciary duty to L.W.H. and T.W.

106. Defendant CHICAGO BOARD OF EDUCATION breached said duty by each of the following non-exhaustive acts or omissions:

   a) Failing to have proper policies in place to supervise CHICAGO BOARD OF EDUCATION employees, agents, and representatives at the Beethoven School to prevent students from being denied transport and access to school and to protect students from misconduct;
   b) Failing to have proper reporting policies in place for students and/or students' parents to report acts of misconduct by school administrators and/or school staff;
   c) Failure to intervene to prevent future misconduct upon learning of the incident involving RYAN HARRIS, the mother of L.W.H. and T.W.;
   d) Failure to undertake a reasonable investigation into L.W.H. and T.W.'s mother, RYAN HARRIS repeated reports of misconduct by the school staff, specifically, Beethoven School clerk, Mr. Del Real, and Beethoven School security guard, Defendant MICHAEL DUNLAP;

17

e) Failing to take seriously L.W.H. and T.W. mother, RYAN HARRIS complaints that her children L.W.H. and T.W. were subjected to misconduct by school administrators and school staff.

107. As a direct and proximate cause of each of the aforementioned breaches by Defendant, CHICAGO BOARD OF EDUCATION, L.W.H and T.W. were subjected to repeated deprivations of transport and access to school as well as harassment and misconduct during school hours on school property, resulting in serious and permanent mental anguish, emotional and economic injuries.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant, CHICAGO BOARD OF EDUCATION awarding compensatory damages, punitive damages, attorneys' fees and any other relief this Court deems just and appropriate under the circumstances.

## COUNT IX
## STATE LAW—RESPONDEAT SUPERIOR
### Defendant CHICAGO BOARD OF EDUCATION

108. Plaintiff realleges and incorporates paragraphs 1 through 107 above as if stated herein.

109. In committing the acts alleged in the preceding paragraphs, Defendant MICHAEL DUNLAP, the security guard for Beethoven School and employee, agent, and representative of Defendant CHICAGO BOARD OF EDUCATION, acted at all relevant times within the scope of his employment.

110. Defendant, CHICAGO BOARD OF EDUCATION is liable as the principal for all torts committed by its agents.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant, CHICAGO BOARD OF EDUCATION, awarding compensatory damages, punitive damages, attorneys' fees and any other relief this Court deems just and appropriate under the circumstances.

## COUNT X
## STATE LAW—INDEMNIFICATION
### Defendant CHICAGO BOARD OF EDUCATION

111. Plaintiff realleges and incorporates paragraphs 1 through 110 above as if stated herein.

112. In each act described above, Defendant MICHAEL DUNLAP was acting with the scope of his employment as a School Security Officer employed by Defendant CHICAGO BOARD OF EDUCATION.

113. Illinois law provides that public entities, such as school boards, must pay any civil and constitutional rights judgments for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

114. Defendant MICHAEL DUNLAP was an employee of Defendant CHICAGO BOARD OF EDUCATION and acting within the scope of their employment and under color of law in committing the misconduct described herein.

115. Pursuant to the provisions of Illinois law, including but not limited to 105 ILCS 5/10-20.20, Defendant CHICAGO BOARD OF EDUCATION is required to pay all sums due by judgment against Defendant MICHAEL DUNLAP.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, CHICAGO BOARD OF EDUCATION awarding compensatory damages, punitive damages, attorneys' fees and any other relief this Court deems just and appropriate under the circumstances.

JURY TRIAL DEMANDED.

Respectfully submitted,
GAINSBERG LAW, P.C.


By: __/s/ Samantha Gutierrez
Samantha Gutierrez
Plaintiff(s) Attorney

19

Samantha Gutierrez
Gainsberg Law, P.C.
22 W. Washington St., 15th Floor
Chicago, Illinois 60602
(312) 600-9585
Attorney ID # 6331363
samantha@gainsberglaw.com